Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| YDASHIA E. QUEVEDO PADUA<br><br>RECURRIDA<br><br>v.<br><br>JAIME L. FRONTERA TACORONTE<br><br>PETICIONARIO | KLCE202500254 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. AR2024RF00852<br><br>Sobre: Alimentos – Menores de edad |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de marzo de 2025.

## **I.**

El 14 de marzo de 2025, el señor Jaime Luis Frontera Tacoronte (señor Frontera Tacoronte o peticionario) presentó una petición de *Certiorari civil* en la que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario) el 5 de marzo de 2025, notificada y archivada digitalmente en autos el 7 de marzo de 2025.[1] En el dictamen, el TPI denegó una *Moción urgente en solicitud de desestimación y nulidad* promovida por el señor Frontera Tacoronte en el pleito sobre alimentos radicado en su contra por la señora Ydashia Enid Quevedo Padua (señora Quevedo Padua o recurrida).

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), y de las circunstancias particulares de este caso, prescindimos de la comparecencia de la recurrida con el propósito de lograr su más justo y eficiente despacho.

---

[1] Apéndice de la petición de *Certiorari,* pág. 26.

**II.**

El caso de marras tiene su origen el 15 de octubre de 2024 cuando la señora Quevedo Padua radicó una *Demanda* sobre alimentos ante el TPI en contra del peticionario y en beneficio de una menor hija de ambos.[2]

Acto seguido, el 16 de octubre de 2024, la Secretaría del TPI emitió una *Notificación-citación para vista* con el propósito de citar al señor Frontera Tacoronte a una vista por videoconferencia el 4 de noviembre de 2024.[3]

El 7 de noviembre de 2024, el Examinador de Pensiones Alimentarias (EPA) asignado al caso emitió un *Informe* en el que recogió las incidencias de la vista celebrada el 4 de noviembre de 2024.[4] A esos efectos, consignó que el señor Frontera Tacoronte no compareció y no fue emplazado conforme a derecho. Por ello, transfirió la vista de alimentos para el 14 de enero de 2025 y ordenó que se expidiera la respectiva citación del peticionario.

El 21 de noviembre de 2024, la Secretaría del TPI emitió una segunda *Notificación-citación para vista* para citar al señor Frontera Tacoronte a una vista por videoconferencia el 14 de enero de 2025.[5]

El 16 de enero de 2025, el EPA emitió un segundo *Informe* en el que consignó las incidencias de la vista celebrada el 14 de enero de 2025.[6] En ella, reiteró que el señor Frontera Tacoronte tampoco compareció porque no había sido emplazado conforme a derecho. Por esa razón, transfirió la vista para el 24 de marzo de 2025 y ordenó que se expidiera la correspondiente citación.

---

[2] Íd., págs. 1-2.
[3] Íd., págs. 3-4.
[4] Íd., pág. 5.
[5] Íd., págs. 6-7.
[6] Íd., pág. 8.

El 17 de enero de 2025, el TPI emitió una *Orden* en la que ordenó la expedición de la notificación y citación dirigida al peticionario.[7]

El 27 de enero de 2025, la Secretaría del TPI emitió una tercera *Notificación-citación para vista* para citar al peticionario a una vista por videoconferencia el 24 de marzo de 2025.[8]

El 20 de febrero de 2025, la señora Quevedo Padua presentó una *Moción informativa* en la que sometió la *Notificación-citación para vista* con el certificado de diligenciamiento personal al señor Frontera Tacoronte completado.[9] Según el certificado, el peticionario recibió copia de la citación y la *Demanda* el 17 de febrero de 2025, siendo debidamente citado.

Ese mismo día, el señor Frontera Tacoronte radicó una *Moción urgente en solicitud de desestimación y nulidad* en la que solicitó al TPI que desestimara la *Demanda* porque no fue emplazado dentro de un término de ciento veinte (120) días a partir de la expedición de la primera *Notificación-citación para vista,* según requiere la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).[10] Igualmente, reclamó la nulidad de una *Orden*[11] emitida el 7 de febrero de 2025 en la que el foro primario expresó "[v]éase *Orden* del 7 de febrero de 2025 en el caso AR2024RF00930" a una solicitud de la señora Quevedo Padua para que se le ordenara al peticionario gestionar la reconexión del servicio eléctrico en la residencia principal de la menor.[12]

---

[7] Íd., pág. 9. Notificada y archivada digitalmente en autos el 27 de enero de 2025.
[8] Íd., págs. 10-11.
[9] Íd., págs. 16-17.
[10] Íd., págs. 18-23.
[11] Íd., pág. 14. Notificada y archivada digitalmente en autos el 12 de febrero de 2025.
[12] Para un estudio de la *Orden* emitida por el foro primario en el otro caso, a la que se hace referencia, véase Entrada Núm. 19 del expediente digital del caso AR2024RF00930 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). En la *Orden,* el TPI atendió el asunto de la conexión del servicio eléctrico de la residencia.

El 21 de febrero de 2025, el TPI emitió una *Orden* en la que le concedió a la recurrida hasta el 7 de marzo de 2025 para exponer su posición respecto a la desestimación y nulidad solicitada por el señor Frontera Tacoronte.[13]

El 26 de febrero de 2025, el peticionario presentó una *Moción para que se tenga por no puesta moción de la demandante* en la que solicitó al TPI que diera por no puesta la posición de la señora Quevedo Padua y reiteró su petición desestimatoria.[14]

El 5 de marzo de 2025, el TPI emitió una *Orden* en la que se dio por enterado del diligenciamiento de la *Notificación-citación para vista.*[15]

Ese mismo día, emitió la *Orden* recurrida en la que denegó la moción de desestimación promovida por el peticionario.[16]

El 7 de marzo de 2025, la señora Quevedo Padua radicó una *Moción solicitando prórroga para cumplir con orden* en la que solicitó una prórroga adicional para expresar su posición sobre la solicitud de desestimación, la que ya fue denegada.[17]

El 13 de marzo de 2025, el foro primario emitió una *Orden* en la que concedió la prórroga solicitada por la recurrida.[18]

En desacuerdo con el proceder del TPI, el 14 de marzo de 2025, el señor Frontera Tacoronte presentó la petición de *Certiorari civil* de epígrafe y le imputó al foro primario la comisión del siguiente error:

> ERRÓ EL TPI AL DENEGAR LA DESESTIMACIÓN, DETERMINANDO ASÍ QUE TIENE JURISDICCIÓN SOBRE LA PERSONA DEL PETICIONARIO, EN VIOLACIÓN A SU DERECHO CONSTITUCIONAL DE UN DEBIDO PROCESO DE LEY, AL INCUMPLIRSE LOS REQUISITOS PARA CONFERIR JURISDICCIÓN SOBRE LA PERSONA DEL PETICIONARIO.

---

[13] Apéndice de la petición de *Certiorari*, pág. 24. Notificada y archivada digitalmente en autos el 26 de febrero de 2025.
[14] Entrada Núm. 24 del expediente digital del caso AR2024RF00852 en el SUMAC.
[15] Íd., pág. 25. Notificada y archivada digitalmente en autos el 7 de marzo de 2025.
[16] Íd., pág. 26. Notificada y archivada digitalmente en autos el 7 de marzo de 2025.
[17] Íd., pág. 27.
[18] Entrada Núm. 28 del expediente digital del caso AR2024RF00852 en el SUMAC. Notificada y archivada digitalmente en autos el 14 de marzo de 2025.

Es su contención que la señora Quevedo Padua tenía ciento veinte (120) días para diligenciar la *Notificación-citación para vista* porque escogió el diligenciamiento personal que permite el Art. 15 de la *Ley orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 1986, según enmendada, 8 LPRA sec. 514, (Ley Núm. 5-1986). Al así hacerlo, arguye que la recurrida estaba obligada a diligenciar la citación según establece la Regla 4.3(c) de Procedimiento Civil, *supra.* Como dicho término improrrogable expiró antes de que se le entregara personalmente la referida citación, el peticionario solicita que revoquemos al TPI y desestimemos la *Demanda.* Por último, también solicita que declaremos la nulidad de la *Orden* emitida por el TPI el 7 de febrero de 2025 por emitirse sin que fuera notificado del pleito.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[19] establece las instancias en las que le foro revisor posee autoridad

---

[19] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R.40*,* establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[20]

**B.**

---

que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[20] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La Ley Núm. 5-1986, *supra* secs. 501 *et seq.*, estableció un procedimiento judicial expedito para regir las peticiones de alimentos en nuestra jurisdicción. Entre sus disposiciones, el Art. 15 de la Ley Núm. 5-1986, *supra*, dispone varias normas respecto a la notificación de la acción presentada ante el TPI. En específico, provee:

(1) (a) Al presentarse en el tribunal una petición o escrito sobre la obligación de prestar alimentos a menores, incluso aquéllas en que se reclamen alimentos para un o una cónyuge, ex cónyuge u otro pariente que tenga la custodia de los menores, y la parte promovida resida en el Estado Libre Asociado de Puerto Rico, el secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador. Dicha vista se celebrará dentro de un plazo no menor de quince (15) días ni mayor de veinte (20) días, contados desde la fecha de presentación de la petición y expedirá, no obstante lo establecido en las Reglas de Procedimiento Civil de Puerto Rico, un documento de notificación personal y citación para vista, requiriendo a la parte promovida que muestre causa de por qué no debe dictarse una sentencia, resolución u orden según solicitado en la petición o escrito.

(b) <u>La notificación-citación, junto con una copia de la petición, deberá ser diligenciada o notificada por la parte promovente con no menos de cinco (5) días de antelación a la fecha de la vista enviándola a la parte promovida, por correo certificado con acuse de recibo a su dirección, si ésta es conocida, estableciendo este conocimiento mediante declaración jurada al efecto; al momento de presentar la petición; o personalmente mediante el procedimiento utilizado para el diligenciamiento de emplazamientos.</u> En los casos en que hayan transcurrido dos (2) años o más desde la última orden sobre pensión alimentaria, durante los cuales no se haya suscitado incidente judicial alguno entre las partes, se notificará la acción mediante el procedimiento utilizado para el diligenciamiento personal de emplazamientos. Cuando se desconozca la dirección del alimentante o éste no pueda ser localizado, se citará para vista mediante la publicación de un edicto en un periódico de circulación general diaria en Puerto Rico.

[...] (Subrayado nuestro). Íd.

**IV.**

En el caso de marras, el señor Frontera Tacoronte solicita que revoquemos una *Orden* emitida por el TPI en la que se denegó su solicitud desestimatoria de la *Demanda* sobre alimentos de epígrafe que conduce en su contra la señora Quevedo Padua. Según argumenta, la *Notificación-citación para vista* fue diligenciada fuera

del término de ciento veinte (120) días que establece la Regla 4.3(c) de Procedimiento Civil, *supra*, para diligenciar los emplazamientos expedidos por la Secretaría del TPI. Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI.

Un examen sosegado del expediente del caso ante nuestra consideración, así como la determinación recurrida, demuestra que no existe error alguno que amerite nuestra intervención. No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción. La determinación del foro primario fue esencialmente correcta en derecho en cuanto denegó la desestimación del pleito. Según surge del trámite procesal, el señor Frontera Tacoronte fue citado el 17 de febrero de 2025, luego de que la Secretaría del TPI emitiera tres (3) veces la *Notificación-citación para vista* sin que se pudiera celebrar la respectiva vista en dos (2) ocasiones. A todas luces, el foro primario cumplió con la normativa vigente, dispuesta en el Art. 15 de la Ley Núm. 5-1986, *supra*, aplicable a la citación de demandados en este tipo de pleito. Todavía más, la Regla 4.3(c) de Procedimiento Civil, *supra*, no es aplicable a este caso. En consecuencia, no intervendremos con la discreción del foro primario, en esta etapa de los procedimientos. **La vista se celebrará según calendarizada por el TPI.**

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari* solicitado. A tenor con lo dispuesto en la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 35(A)(1), el TPI puede continuar con los procedimientos sin que tenga que esperar por nuestro mandato.

**Notificación inmediata**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones